# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2009

Charles R. Fulbruge III
Clerk

No. 09-50051
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO SARINANA-HERNANDEZ, also known as Sergio Villa,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2447-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Sergio Sarinana-Hernandez appeals the 37-month sentence imposed following his conviction on a guilty plea to illegally reentering the United States following a deportation. *See* 8 U.S.C. § 1326(a), (b). He contends his within-guidelines sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sarinana asserts: "The questionable pedigree of the illegal reentry guideline was a significant factor" in producing a guideline range that overstated the seriousness of his offense, failed to accurately reflect his personal history and characteristics, and failed to take into account the reasons for his reentry into the United States. He also contends fast-track programs create unwarranted sentencing disparities between defendants who can avail themselves of a fast-track program and defendants, like him, who cannot.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

As noted, pursuant to *Gall*, we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error". *Id*. at 752-53. If, as in this case, there is no such error, we then review the substantive reasonableness of the sentence imposed, as noted above, for an abuse of discretion. *Id*. at 751-53. "[A] sentence within a properly calculated Guideline range is presumptively reasonable". *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

When, as here, the district court imposes a sentence within a properly-calculated guidelines range, we give "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)". *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (internal quotation and citation omitted), *cert. denied*, 129 S. Ct. 328 (2008). Here, the

2

district court specifically noted it considered the § 3553(a) sentencing factors. The district court considered Sarinana's mitigation contentions for a variance but stated that a guideline sentence was appropriate based on Sarinana's "previous criminal conduct and all other factors in [§ 3553(a)]".

Sarinana has failed to rebut the presumption of reasonableness that applies to his within-guidelines sentence or to demonstrate that his sentence is substantively unreasonable. *See Alonzo*, 435 F.3d at 554. Further, as he did in district court, Sarinana concedes his fast-track contention is foreclosed. "[A]ny sentencing disparity resulting from fast track disposition is not unwarranted". *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

AFFIRMED.

3